IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR MURPHY,

        Plaintiff,

vs.                                                          No. CIV 06-396 WFD/LFG

STATE OF NEW MEXICO
CHILDREN YOUTH & FAMILIES
DEPARTMENT et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RULE 56(f) CONTINUANCE

THIS MATTER is before the Court on Plaintiff's Motion for Rule 56(f) Continuance [Doc. 34] and his request to stay action on Defendants' motion for summary judgment which was based, in part, on qualified immunity. As a decision to allow discovery based on a review of a party's Rule 56(f) affidavit is directed to the Court's sound discretion, Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc., no response is necessary.

### Background

Plaintiff Arthur Murphy ("Murphy"), a former State of New Mexico employee, filed suit against the State of New Mexico Children, Youth & Families Department, Department Secretary Mary-Dale Bolson, and against the Governor of New Mexico, William Richardson.

Murphy alleged violation of his constitutional, federally and state protected rights, and brought his action under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and under the New Mexico Human Rights Act. He alleges discrimination based on his ethnicity, retaliation for having opposed unlawful employment practices, and wrongful discharge in violation of public policy.

At the Fed. R. Civ. P. 16 scheduling conference conducted on July 17, 2006, the Court approved the parties' Provisional Discovery Plan, assigned the case to a "standard" case management track under the district's Civil Justice Expense and Delay Reduction Plan, and authorized parties to immediately commence discovery.

As qualified immunity was asserted as an affirmative defense, the Court advised counsel that once a motion to dismiss or for summary judgment based on qualified immunity was filed, the Defendants were entitled to a stay of discovery. Saucier v. Katz, 533 U.S. 194, 200-202, 121 S. Ct. 2155, 2156 (2001); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).

Indeed, in the Court's amended scheduling order [Doc. 21] filed August 3, 2006, the Court discussed a situation that could arise if Defendants filed a motion for summary judgment and Murphy believed that he had an inadequate opportunity to respond. The Court stated:

> To ensure that Plaintiff has an adequate opportunity to respond to the motion to dismiss or for summary judgment, upon receipt of the potentially dispositive motion, should Plaintiff believe that some discovery on the issue of qualified immunity is necessary, Plaintiff should file a Fed. R. Civ. P. 56(f) affidavit. It will be insufficient for Plaintiff to simply argue that the motion is premature, that discovery is incomplete or that additional discovery must be undertaken. Rather, Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the discovered evidence will assist Plaintiff in overcoming Defendants' *prima facie* showing. *See* Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.)(holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993) . . . .

In its order, the Court further advised that the 56(f) affidavit should be presented to the referral magistrate judge who would review the motion, and if the magistrate judge determined that

a sufficient showing was made for discovery, an order would be issued consistent with the narrowly tailored requirements of Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989), and the Court would outline what discovery would be authorized, the nature and extent of the discovery and the time limit for completing discovery. The Court would then also provide Plaintiff with a new response date to the underlying motion.

On October 10, 2006, Defendants Bolson and Richardson filed their Motion for Summary Judgement based on qualified immunity. In accord with circuit law, as outlined above, Defendants are entitled to a stay of discovery. Accordingly, on October 16, 2006, the Court issued its Order Staying Discovery [Doc. 33] pending the Court's consideration and disposition of the qualified immunity motion.

A stay of discovery is necessary. Qualified immunity not only protects government officials who perform discretionary functions from liability, but also from the burdens and expense of trial, including discovery. Saucier v. Katz; Jiron v. City of Lakewood. Compelling parties to proceed with discovery in the face of a pending motion to dismiss based on qualified immunity would force a party to lose the very benefit of the defense advanced by the Defendants.

**Present Motion**

Murphy now requests, by way of Rule 56(f), that the Court delay a ruling on the motion for summary judgment and allow discovery to go forward. In support of his motion, Murphy cites Committee for the First Amendment v. Campbell, 962 F.2d 1517 (10th Cir. 1992); Jensen v. Redev. Agency, 998 F.2d 1550, 1554 (10th Cir. 1993); RTC Mortgage Trust 1994-S3 v. Guadalupe Plaza, 918 F. Supp. 1441 (D.N.M. 1996). These cases stand for a proposition that the Court should liberally construe a 56(f) affidavit and that summary judgment should not be granted if the non-moving party has not had the opportunity to discover information essential to his opposition.

These cases, however, are not qualified immunity cases. There is a different standard that applies to qualified immunity cases. Saucier v. Katz; Jiron v. City of Lakewood; Workman v. Jordan. In Saucier, courts were reminded that compelling parties to proceed with discovery in the face of a motion for qualified immunity would rob the governmental employee of the very immunity to which he/she may be entitled. Thus, while the Court does not disagree with the holdings of the authorities relied upon by Murphy, the Court determines that they are not applicable in this situation.

In this case, counsel has filed a 56(f) affidavit, but the affidavit fails to comply with the Court's directive to show the requirements under Ben Ezra or the rule itself. Plaintiff indicates a desire to take the Governor's deposition as well as the deposition of the Secretary of CYFD. He fails, however, to specify what the proposed discovery is likely to disclose and how it would assist him in overcoming a *prima facie* burden.

Moreover, unlike instances where a party is unable to respond to a motion for summary judgment pending discovery into the issue of qualified immunity, Murphy has already filed his response in opposition to the motion. Thus, is hard to argue that he is unable to respond to the motion in the absence of the hope for discovery.

Requests to grant or deny a Rule 56(f) postponement are committed to a court's sound discretion. *See* Ball v. Union Carbide, 385 F.3d 713, 720 (6th Cir. 2004); Chance v. Pac-Teletrac, Inc., 242 F.3d 1151, 1161, n. 6 (9th Cir. 2001); and Beattie v. Madison County Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001).

In the exercise of the Court's discretion, the Court determines that the 56(f) affidavit fails to meet the requirements outlined in the Court's earlier directives or in Rule 56 itself. The Court determines that the request for discovery and for a stay of the Court's consideration of the summary judgment motion be DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge